IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



MICHAEL EVERHART, §
 §
 Plaintiff, §
 §
VS. § NO. 4:13-CV-031-A
 §
JPMORGAN CHASE BANK, §
NATIONAL ASSOCIATION, §
 §
 Defendant. §

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

Plaintiff, Michael Everhart, initiated the above-captioned action by the filing of his original petition in the District Court of Tarrant County, Texas, 342nd Judicial District, against defendant, JPMorgan Chase Bank, National Association. The case was subsequently transferred to the 236th Judicial District Court, from which it was removed. The notice of removal asserted

that this court had subject matter jurisdiction by reason of diversity of citizenship, as contemplated by 28 U.S.C. § 1332, because the amount in controversy exceeded the sum or value of $75,000.

As to the amount in controversy, defendant in the notice of removal contended that "[i]n actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation" or is "the value of the right to be protected or the extent of the injury to be prevented." Notice of Removal at 3 (internal citations omitted). According to defendant, because the Tarrant Central Appraisal District has appraised plaintiff's property at $198,100, this established the amount in controversy. Additionally, defendant claimed that the amount in controversy was established by plaintiff's request for a release of defendant's lien, which secured a principal amount of $206,250 at the loan closing.

Because of a concern that defendant had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court ordered defendant to file an amended notice of removal, together

with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount. Defendant timely complied with the court's order.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[1] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must

---

[1] The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

3

therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. See Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

## III.

### The True Nature of Plaintiff's Claims

The petition by which plaintiff initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented.

Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiff makes vague, general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiff's claims. Having done so, and having considered the authorities and arguments cited by defendant in the re-pled notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

In the state court petition plaintiff alleged that in 2007 he signed a note and deed of trust in order to purchase his property. Plaintiff maintained that any purported transfer of the note and deed of trust to defendant was invalid for various reasons, with the consequence that defendant had no right to foreclose on plaintiff's property until it could prove it was the lawful holder of the note and deed of trust.

Plaintiff sought several declarations concerning defendant's interest in the property, including that defendant lacks any interest that would entitle it to foreclose on the property. Plaintiff also asserted causes of action to quiet title and for "refund, fees and costs." Notice of Removal, Ex. A-2, Pl.'s Original Pet. at 8 (capitalization in original omitted). Plaintiff also sought to enjoin defendant from taking any action on the property during the pendency of the litigation. No amount in controversy was stated on the face of the petition.

Defendant in the re-pled notice of removal persists in its contention that the value of the property constitutes the amount in controversy. However, nothing on the face of the petition indicates that such represents the amount plaintiff is seeking in this litigation. Defendant in the re-pled notice of removal relies essentially on the same arguments set forth in the notice of removal to support its contention, adding citations to opinions from other courts of appeal and district courts, some from other jurisdictions, in support thereof.[2] The court is not

---

[2]The re-pled notice of removal includes a footnote with a lengthy string citation of numerous district court opinions from all of the judicial districts in Texas, including the Northern District, in support of defendant's argument as to the amount in controversy. Missing from the footnote are citations
(continued...)

persuaded by the non-binding authorities cited in the re-pled notice of removal.

Defendant also relies in part on <u>Nationstar Mortgage LLC v. Knox</u>, 351 F. App'x 844 (5th Cir. Aug. 25, 2009), and <u>Waller v. Professional Insurance Corporation</u>, 296 F.2d 545, 547-48 (5th Cir. 1961), to support its argument regarding the amount in controversy. The pertinent portion of <u>Nationstar</u> also relies on <u>Waller</u>. This court has previously explained its reasoning for finding <u>Waller</u> inapposite to determining the amount in controversy in cases such as the instant action. See <u>Ballew v. America's Servicing Co.</u>, No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011). Defendant has failed to persuade the court otherwise.

The court finds nothing in the re-pled notice of removal as would establish by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Therefore, the court lacks subject matter

---

[2](...continued)
to any of the numerous opinions of the undersigned holding that the appraised value of the property does not establish the amount in controversy. A number of such cases involved defendant's current counsel. See, e.g., Civil Case No. 4:12-CV-470-A, <u>Olivas v. JPMorgan Chase Bank, NA</u>; Civil Case No. 4:12-CV-234-A, <u>Clark v. JP Morgan Chase Bank, N.A.</u>; Civil Case No. 4:12-CV-019-A, <u>Barth v. JPMorgan Chase Bank, NA</u>; Civil Case No. 4:11-CV-636-A, <u>Marchese v. U.S. Bank National Association</u>.

jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED February 6, 2013.

_____
JOHN McBRYDE
United States District Judge